UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>CLINTON SHAWN SYDNOR, WESLEY )<br>LANHAM and SHAWN FREEMAN )<br>)<br>Defendants. ) | Criminal Action No. 2: 08-05-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Wesley Lanham's motion to allow the jury to view the Grant County Detention Center during the trial of this matter . [Record No. 35]  The United States has opposed the motion.  On August 1, 2008, in connection with this motion, the Court and counsel visited the detention center.  In particular, the Court viewed those areas of the detention center that Defendants' counsel indicated they would like the jury to observe.

While there is no specific federal rule regarding whether a jury should be permitted to view and/or inspect a place involved in an action, the decision whether to grant a motion to allow a jury to view a scene rests within the sound discretion of the trial court. *See United States v. Simmons*, 174 F. App'x 913 (6th Cir. 2006); *United States v. Passos-Paternina*, 918 F.2d 979, 986 (1st Cir. 1990), *cert. denied*, 499 U.S. 982 (1991), and *cert. denied*, 501 U.S. 1209 (1991); *Stokes v. Delcambre*, 710 F.2d 1120, 1129 (5th Cir. 1983); *United States v. Woolfolk*, 197 F.3d

900, 905-06 (7th Cir. 1999), *cert. denied*, 529 U.S. 1081 (2000).  The Sixth Circuit has held that a trial court acts within its discretion in denying a motion to view a scene when there is sufficient evidence describing the scene in the form of testimony, diagrams, or photographs.  *See Simmons*, 174 F. App'x at 917-18.

In *Simmons*, the Sixth Circuit affirmed the district court's denial of a motion for a view of the location of the defendant's arrest.  The motion was made at the time of a suppression hearing.  The court of appeals held that the view was unnecessary because the judge, who was the trier of fact during the suppression hearing, was familiar with the area.  Additionally, the court noted that the defendant had introduced twenty-nine photographs, five maps and testimony from Nashville's lead mapper to describe where he was arrested.  Therefore, the court noted that "the requisite information could be and was introduced through documentary evidence, testimony, and judicial notice."  *Simmons*, 174 F. App'x at 918.  Accordingly, the court found that ample evidence of the scene was presented at the suppression hearing.

In *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997), the First Circuit outlined a number of factors that district courts may consider in determining whether to permit a jury to view a scene.  Specifically, the court stated that the trial judge may consider the orderliness of the trial, how time consuming a view or inspection would be, the logistical difficulties involved, safety concerns, or whether a view or inspection would mislead or confuse the members.  *See Crochiere*, 129 F.3d at 236 (citing *United States v. Pettiford*, 962 F.2d 74, 76 (1st Cir. 1992); *Passos-Paternina*, 918 F.2d at 986; *Bundy v. Dugger*, 850 F.2d 1402, 1422 (11th Cir. 1988)).

In *United States v. Williams*, 44 F.3d 614 (7th Cir. 1995), the Seventh Circuit affirmed the district court's denial of the defendant's request to view a motel room where an officer supposedly observed the defendant retrieve a container (allegedly containing heroin) from the motel's ice machine. In denying the motion, the court expressed concerns about the logistics of taking jurors to the scene and the risk of harm to the jurors in the unsecured area. Notably, in that case, the jury was able to view a twenty-minute videotape of the premises at issue.

In the present case, considering several of the factors that other courts have found to be relevant, the undersigned believes that the jury should not be taken to the Grant County Detention Center during trial. First, the Court is concerned about the safety of the jurors. In particular, the Court notes that it would be extremely difficult to move the inmates currently housed at the detention center to other locations to accommodate a jury visit.[1] Additionally, because it would be difficult to keep the jurors separate from inmates and/or the guards at the detention center, the Court is concerned that jurors may overhear comments and be influenced by the inmates being housed at the detention center or the officers showing the scene to the jurors. These comments could potentially affect the outcome of this case and, therefore, the Court finds that there is a high risk of prejudice to the United States *and* the Defendants in taking the jury to view the scene.

Further, the United States has indicated that they have diagrams, blueprints, photographs and other materials that can be used to accurately depict the detention center. Its counsel has

---

[1] During the recent viewing on August 1st, the Court was accompanied by the counsel, court staff as well as one member of the media. A viewing by an additional 14 to 15 persons would be difficult, if not impossible, to accomplish in light of the restrictions that would need to be imposed by the Court.

indicated that the Defendants may also use these materials during trial. In addition, at the time of the hearing, the Court informed the parties that, if the motion was denied, they would be permitted to present other materials, including photographs and videotapes, to depict the scene of the alleged incident.[2]

In summary, the Court finds that, because sufficient evidence exists that will adequately describe the scene, and because the risk of prejudice in taking to jurors to scene is high, the Court will deny the Defendant's motion to allow the jurors to view the detention center. Accordingly, it is hereby

**ORDERED** that the Defendant's motion to permit jurors to view the Grant County Detention Center [Record No. 35] is **DENIED**.

This 4th day of August, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

[2] Contrary to Defendant's arguments, the undersigned did not observe any areas of the detention center during the August 1st viewing that could not be adequately depicted by other means during trial.