UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 08-05-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WESLEY LANHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Wesley Lanham has moved the Court to enter a judgment of acquittal notwithstanding the jury's verdict on all counts of conviction pursuant to Rule 29, of the Federal Rules of Criminal Procedure. Alternatively, this Defendant has moved the Court for a new trial on all counts under Rule 33. Lanham argues, *inter alia*, that he is entitled to a new trial due to the lack of credibility of the witnesses testifying on behalf of the United States and because he claims that no evidence should have been allowed concerning aggravated sexual abuse under Count 1 of the Indictment. For the reasons that follow, the Defendant's motions will be denied.

**I.    Legal Analysis**

Initially, Lanham asserts that the jury's verdict should be set aside and a new trial should be granted because it is contrary to the government's evidence presented during trial. According to Lanham, this Court has wide discretion in evaluating motions under Rules 29 and 33 and may grant a judgment of acquittal or new trial "where the evidence preponderates heavily against the

verdict." *United States v. Roland,* 223 Fed. Appx. 476, 483 (6th Cir. 2007).[1] Further, he states that his motions should be granted because, when the evidence is viewed in the light most favorable to the government, no rational trier of fact could have found him guilty of the essential elements of the crimes charged beyond a reasonable doubt. *United States v. Gibson,* 409 F.3d 325, 332 (6th Cir. 2005); *United States v. Landham,* 251 F.3d 1072, 1083 (6th Cir. 2001). Conversely, the United States claims that the Court may exercise its discretion to overturn the jury's verdict "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Pierce,* 62 F.3d 818, 825 (6th Cir. 1995).

Here, the primary focus of the Defendant's motion is upon the testimony of Shawn Sydnor (a co-Defendant with Freeman until shortly before trial) and Bobby Wright (an inmate in the Grant County Detention Center at the time of the incident in question). As the United States notes, both of the witnesses were subject to lengthy cross-examination by counsel for Defendants Lanham and Freeman.[2] Although the Court should not step into the jury's role in

---

[1] As the *Roland* court explained,

> a reviewing court evaluates the propriety of a district court's Rule 29 ruling by considering "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (*quoting United States v. Damrah*, 412 F.3d 618, 625 (6th Cir. 2005)). There is a "strong presumption in favor of sustaining a jury conviction," *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994), and a defendant seeking a judicial reversal of a jury determination of guilt bears a "very heavy" burden "because the reviewing court does not judge the credibility of witnesses or weigh evidence, and it draws all reasonable inferences in the government's favor." *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005).

*Id.* at 482.

[2] The jury was properly instructed concerning the caution to be given to the testimony of such witnesses. And while inmate Wright did not testify in exchange for a promise of a reduction of his sentence, Defendant Freeman's counsel made an improper suggestion to the contrary during his opening statement.

assessing the credibility of a particular witness, it would not conclude that *either* witness lacked credibility concerning the crucial issues in the case. Contrary to Freeman's arguments, the verdict returned by the jury was not contrary to the evidence presented during trial. Thus, the Court cannot conclude that a rational trier of fact could not have found Defendant guilty of the elements of the crimes charged beyond a reasonable doubt.

Next, the Court must disagree with Lanham's assertion that it was erroneous to submit the issue of aggravated sexual abuse for the jury's consideration under Count 1. According to Freeman, this submission was erroneous because, at the time of the incident in issue (February 2003), "aggravated sexual abuse" required that an act occur in the "special maritime and territorial jurisdiction of the United States or in a federal prison." 18 U.S.C. § 2241. However, as the United States correctly notes, Count 1 of the Indictment was brought pursuant to 18 U.S.C. § 241 and, under this section, the government has jurisdiction to enforce its provisions anywhere in the United States against anyone whose conduct meets the elements of the statute. *See United States v. Price,* 383 U.S. 787, 805 (1966) (the "purpose and effect" of 18 U.S.C. § 241 "was to reach the assaults upon the rights under the entire Constitution"). Thus, while the Court may look to 18 U.S.C. § 2241 for the definition of "aggravated sexual abuse," that statutory section does not present a jurisdictional bar for the 2003 incident occurring in the Grant County Detention Center.

Finally, Defendant Lanham makes a catch-all argument that the denial of the Defendants' pre-trial motions (*i.e.,* motion for separate trial, motion to view the jail, and motion *in limine*[3]

---

[3] In its response, the United States notes in its response that it did not seek to introduce at trial any specific act or statement of inmate Zipp, including the specific statement that was the subject of the

concerning other unrelated sexual conduct at the jail), denial of the Defendants' unspecified objections during trial, and denial of the Defendants' motion for a mistrial, supports his request for a new trial. Again, however, the Court must disagree with Lanham. Not only has the Defendant failed to explain how any subject ruling was erroneous, he has failed to explain how any challenged ruling affected the jury's verdict. *United States v. Pugh,* 405 F.3d 390, 400-401 (6th Cir. 2005).

## II.     Conclusion

Having again reviewed the testimony and other evidence presented during the trial of this matter, the Court cannot conclude that the jury's verdict was contrary to the evidence or that the evidence "preponderates heavily against the verdict" rendered with respect to Defendant Lanham. Accordingly, it is hereby

**ORDERED** that Defendant Wesley Lanham's motion for a judgment of acquittal and for a new trial [Record No. 95] is **DENIED**.

This 15th day of September, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

Defendant's *in limine* motion. [*See* Record No. 96, p. 5.]