UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 08-05-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WESLEY LANHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Following trial, Defendant Wesley Lanham was sentenced on December 8, 2008, to a term of imprisonment of 180 months, to be followed by a term of supervised release of three years. [Record No. 120] The Defendant was directed to self-report to the institution designated by the Bureau of Prisons no later than 2:00 p.m. on January 5, 2009.[1] During the sentencing hearing, the Defendant did not express remorse for his crime. However, notwithstanding that fact, the Court imposed a downward variance from the range established by the United States Sentencing Guidelines.

On Tuesday, December 30, 2008, counsel for Defendant Lanham filed a motion for a stay of the report date or, alternatively, a request that the Court extend the report date previously established by the Court. [Record No. 128] In support of the motion, the Defendant asserts that

---

[1] In the event the Bureau of Prisons has not designated an institution for service of the Defendant's sentence, he is to report to the United States Marshal's Office in Covington no later that the date and time indicated for reporting to the Bureau of Prisons.

-1-

he is not a risk of flight nor a danger to the community. Further, he contends that he intends to raise several issues on appeal which he believes will result in a reversal of his conviction or a new trial. More specifically, he identifies the following six issues which he believes supports the relief sought:

1. insufficient evidence to sustain his conviction;

2. the Court's refusal to excuse jurors for cause based on their responses to questions;

3. the Court's refusal to grant the Defendant's motion for a mistrial;

4. the Court's submission of the issue of "aggravating sexual abuse" to the jury;

5. error in the Court's jury instructions; and

6. the Court's denial of his motion for a new trial based on an alleged *Brady* violation.

Although the Defendant does not elaborate on any of the six enumerated grounds, his counsel contends that because the Court is fully familiar with each of these issues, he simply incorporates his previous arguments as to each of these items.

The Defendant's motion is filed under the provisions of 18 U.S.C. § 3143(b)(1) which provides as follows:

> Except as provided in paragraph (2), the judicial officer *shall* order that the person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained *unless the judicial officer finds –*
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c) of this title, except that in the circumstances described in subparagraphs (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. 3143(b)(1) (emphasis added).

Having reviewed this statutory section, the Court does not believe that the relief requested is appropriate. Based on the Defendant's lack of remorse and general demeanor during the sentencing hearing, the Court does not believe that it could make a finding at this stage of the proceedings by clear and convincing evidence that the Defendant is not likely to flee. However, that question becomes a moot point when subsection (B) is analyzed.

If the Defendant's conviction is upheld on appeal, it is clear that he will be required to serve a substantial sentence which will greatly exceed the expected duration of the appeal process. In fact, the Court believes that if any error occurred during the sentencing process, it related to the substantial downward variance given to the Defendant from his guideline range. While the Court does not know whether this issue will be raised on appeal, its resolution would not likely benefit the Defendant.

Likewise, the Court does not believe that any of the appellate issues identified by the Defendant is likely to result in a reversal of his conviction or an order for a new trial. Each of the issues identified has been thoroughly considered and previously rejected. The Defendant has not given the Court any reason to believe that its prior determinations were erroneous. Accordingly, it is hereby

**ORDERED** that Defendant Wesley Lanham's Motion for Stay Pending Appeal and Alternative Motion to Extend Voluntary Surrender Date Pending Sixth Circuit Consideration of Appellate Bond [Record No. 128] is **DENIED**.

This 31st day of December, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge